Fremont-Smith, Thayer, J.
INTRODUCTION
The plaintiff, Charles River Broadcasting of Cape Cod Tower LLC (“CRBC”) brings this action against the defendant New Cingular Wireless Services, Inc. (“Cingular”). Pursuant to Mass.R.Civ.P. 56, both CRBC and Cingular have requested that the Court enter full or partial summary judgment on all claims in their respective favor. The only disputed issue on liability, which is dispositive of both motions, is whether or not Cingular’s early termination of its lease of a wireless tower from CRBC was a violation of its lease. If it was a violation, CRBC is entitled to damages. If it was not, Cingular wins.
DISCUSSION
Legal Standard
Summary judgment shall be granted where there are no genuine issues of any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Summary Judgment Analysis
Cingular argues that it is entitled to summary judgment because there are no factual issues in dispute. At the summary judgment hearing, however, an issue was presented to the Court regarding whether the controlling provision in the lease is ambiguous.
Paragraph 6(d) of the Lease Agreement provides in part:
Except as otherwise provided herein, this Lease may be terminated, without penalty or further liability ... by Lessee, upon written notice to Lessor, if . . . due to changed circumstances Lessee determines that the use of the Leased Premises is no longer suitable for Lessee’s network operations.
Site Lease Agreement, p. 2, 6(d) (emphasis added).
If a contract is clear, the words must be construed in their usual and ordinary sense, and the Court will not “admit parol evidence to create an ambiguity when the plain language is unambiguous.” Gen’l Convention of New Jerusalem in the U.S., Inc. v. MacKenzie, 449 Mass. 832, 835 (2007). However, while an initial determination of the existence of a contract ambiguity presents a question of law for the Court, Bank v. Thermo Elemental, Inc., 451 Mass. 638, 648 (2008), where a contract is found to be ambiguous, it is error for a trial judge to rule as a matter of law as to the meaning of the agreement which is a question of fact for ajuiy. Id. at 651.
“Contract language is ambiguous ‘where the phraseology can support a reasonable difference of opinion as to the meaning of the words employed and the obligations undertaken.’” President & Fellows of Harvard Coll. v. PECO Energy Co., 57 Mass.App.Ct. 888, 896 (2003), quoting Suffolk Constr. Co. v. Lonco Scaffolding Co., 47 Mass.App.Ct. 726, 729 (1999). “To answer the ambiguity question the court must first examine the language of the contract by itself, independent of extrinsic evidence concerning the drafting history or the intention of the parties.” Bank, supra at 648, citing MacKenzie, 449 Mass. at 835-36, 838.
Here, the phraseology of paragraph 6(d) of the lease “can support a reasonable difference of opinion as to the meaning of the words employed and the obligations undertaken and is thus ambiguous.” Suffolk Constr. Co., supra, at 729.[1] In this case, it is unclear whether the “changed circumstances” that would permit Cingular to terminate the lease can be financial changes affecting the lessee company, such as Cingular’s acquisition of AT&T Wireless Services, Inc. in October 2004, or whether the “changed circumstances” are intended to encompass only physical changes that disadvantage the lessee, such as a failure of CRBC to maintain the premises.
In the face of such an ambiguity, it would constitute error for this Court to determine the meaning of the unclear language of the lease between the parties. Rather, where as here such an ambiguity exists, the *262 meaning of the contract presents a question of fact for the juiy. See Bank, supra at 648-51.
ORDER
Accordingly, for the above reasons, the plaintiffs and the defendant’s motions for summary judgment are both DENIED.

 Quoting Fashion House, Inc. v. Kmart Corp., 892 F.2d 1076, 1083 (1st Cir. 1989).